**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

|  |  |
|---|---|
| United States of America, | )  |
|  | ) CR-10-2679-TUC-DCB (HCE) |
| Plaintiff, | ) |
| v. | ) |
|  | ) |
| Maira Liset Garcia-Loya, | ) **ORDER** |
|  | ) |
| Defendant. | ) |
|  | ) |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for all pretrial proceedings and Report and Recommendation. Before the Court are a Sealed Report and Recommendation, a Sealed Appendix to the Report and Recommendation, Objections and Response to Objections. The Magistrate Judge recommends that the Defendant's Motion for Defense Witness Immunity or, in the Alternative, for Relief in Limine be denied. The Magistrate Judge also alerts the Court to what the Court will treat as a possible problematic joint representation issue.

**BACKGROUND**

On September 6, 2010, Defendant (mother) was arrested at the border Douglas Port of Entry after $18,000 in cash was found wrapped around her body. Her 14-year-old daughter had $20,000 on her person similarly wrapped, but she was not arrested. The Defendant and her daughter were read their *Miranda* rights and invoked their right to an attorney.

(Response to Objections at 3 ¶¶18-20.)  On September 7, a criminal Complaint was filed naming the Defendant mother and she was released on bail.  On October 6, 2011, the Defendant mother was indicted for two counts of concealing more than $10,000 (a total of $38,609) in currency with the intent to evade the currency reporting requirements, 31 U.S.C. §§5316, 5317, 5322, 5332.  On October 22, 2010, Defendant was arraigned and the Federal Public Defender (FPD) was appointed to represent her.  To this point, no attorney had been appointed by the Court for the daughter and she had not been charged.

On November 14, an attorney for the FPD interviewed the daughter to obtain information about events surrounding the arrest of the Defendant, her mother.  On February 28, 2011, the FPD filed a Motion for Appointment of Guardian ad Litem and Appointment of Counsel for Juvenile, the Defendant's daughter.  Before this motion was ruled on, on March 2, 2011, the FPD again interviewed Defendant's daughter.  On March 10, a hearing was conducted before the Magistrate Judge, who granted the motion to appoint counsel for Defendant's daughter and appointed counsel for her on March 14.

Defendant filed a Motion for Defense Witness Immunity or, In the Alternative, for Relief in Limine.  The Government filed a response to this motion and the Defendant filed a reply.  The Magistrate Judge conducted a hearing on this motion on March 30, 2011.  On April 20, 2011, the Magistrate Judge issued a sealed Report and Recommendation advising the Court that this motion may be denied.  In a sealed Appendix to the sealed Report and Recommendation, the Magistrate Judge alerted the Court to what the Court has determined to treat as a possible Rule 44 of the Federal Rules of Criminal Procedure issue.

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**OBJECTIONS**

**A.  Use Immunity and Video Unavailability**

The Defendant's motion asks that the Court compel the Government to grant immunity to her daughter, who is not just a witness to events but was actually carrying $20,000 of cash on her body at the time of the mother's arrest. Contrary to the Defendant's position, there is no absolute right to elicit testimony from any witness.  In addition, the underlying facts do not warrant compelling use immunity.  The Government has not granted immunity to any witnesses in this prosecution.

The Defendant's motion also asks the Court to find that destruction/unavailability of a video made at the time of detention and arrest at the Douglas, Arizona Port of Entry was government misconduct. The Magistrate Judge found that Defendant did not argue bad faith on the part of the government and that he in fact did not find bad faith, consequently there was no due process violation.  "[A]ny alleged apparent exculpatory value that a video with limited visibility and with no audio could provide of conversation between Defendant and CBP agents on September 6, 2010 herein, is conjectural and de minimus if not non-existent."  (R&R at 4.)  The Magistrate Judge found, and the Court agrees, that loss of the video does not warrant compelling the Government to grant immunity to the Defendant's daughter to allow her to testify rather than invoke the Fifth Amendment.

3

The Court will adopt the recommendation to deny the Defendant's Motion.

**B.    Court Responsibilities in Cases of Joint Representation**

Based on the Appendix to the Report and Recommendation, the Court has conducted a de novo review to determine if there has been a joint representation conflict of interest issue raised in this action. The Court may be required to disqualify counsel based on a conflict of interest. Fed.R.Crim.P. 44(c); *Williams v. Jones*, 391 F.Supp.2d 603, 614 (E.D. Mich. 2005) (A court confronted with and alerted to possible conflicts of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel.) Factors that a Court may consider: strategic and economic advantages of joint representation; extent to which counsel currently represents or has represented another party associated with the same case; likelihood of a conflict of interest; **severity of the potential conflict of interest;** defendants' expressed wishes after being informed of the perils of the potential conflict; and, difficulties for the Court in monitoring the potential conflict throughout the case. In effect, from the time of the arrest of the Defendant, she and her daughter were legally in a potentially severe conflict of interest posture.

Any time joint representation of defendants is attempted, the trial court must conduct a hearing regarding each defendant's right to conflict-free representation. Fed. R. Crim. P. 44(c); *United States v. Finlay*, 55 F.3d 1410, 1415 (9th Cir. 1995). Compliance with Rule 44(c) includes advising the jointly represented co-defendants of their right to separate counsel, making certain that each defendant knowingly and freely consents to joint representation, and ascertaining that no

conflict exists. *United States v. Lightbourne*, 104 F.3d 1172, 1178 (9th Cir. 1997).  The 14-year-old daughter, as a juvenile, was not in a position to accept a joint representation situation or to waive the risks of such.  Any inquiry regarding waiver must encompass "all of the risks that are likely to develop." *United States v. Allen*, 831 F.2d 1487, 1500 (9th Cir. 1987) (determination of knowing and intelligent waiver reversed where magistrate judge only discussed trial consequences) (citations omitted).  If the potential for conflict is at least very likely, the trial court may overrule a defendant's attempted waiver of the right to conflict-free representation. *United States v. Wheat*, 813 F.2d 1399, 1404 (9th Cir. 1987)(where serious potential for conflict exists, district court must be given substantial latitude to override defendant's waiver). *See also United States v. Martinez*, 143 F.3d 1266, 1269 (9th Cir.), *cert. denied*, 525 U.S. 911 (1998).  Where the district court reasonably concludes that to permit a certain attorney to appear on behalf of a defendant would undermine the integrity of the proceeding, counsel may be excluded. *United States v. Stites*, 56 F.3d 1020, 1024, 1026 (9th Cir. 1995).

   A court may disqualify counsel if a situation exists where there is representation of individuals with incompatible interests and waiver is not an option.   There is no per se rule against joint representation, but the ultimate decision as to whether to permit such arrangements lies with the trial court and there is a presumption against the arrangement. Fed.R.Crim.P. 44.

   Here the daughter is not charged with a crime, but she was carrying $20,000 strapped to her body at the time her mother was arrested.  She was fourteen years old and Spanish is her first language.  The

5

Government's Response to the Defendant's Objections to the Magistrate's Report and Recommendation states that the government has never interviewed the daughter; "at the time of the offense, the juvenile, after being read her Miranda rights, invoked her right to an attorney. The government has neither sought out the juvenile or spoken to the juvenile since that time." (Response at 4.)

Based on the chronology of events, it appears that the daughter should have had separate counsel from the outset. Ordinarily the remedy for a conflict of interest derived from joint representation is disqualification of counsel or defendant's waiver of the conflict (not possible by a juvenile). In any situation where an attorney represents (or even counsels) two or more persons at the same time and comes to the realization that these individuals have a serious potential for conflict of interest, that attorney must withdraw from representation of all the individuals and allow retention of new counsel for each individual, because during the course of the joint representation (or counseling) that attorney has become aware of information that he would not otherwise have been privy to.

In this criminal case, at this juncture, it appears that the FPD should be disqualified as acting as counsel for the mother based on its tacit representation of both the mother and daughter in a situation involving severe potential for conflict of interest from Defendant's arrest through the time that the daughter was appointed separate counsel. Any information derived from the tacit joint representation of two individuals with severe potential for conflict of interest is tainted. The FPD will be disqualified from representing the mother from the date of this Order and new counsel shall be appointed. Defendant has the

6

constitutional right to appointment of an attorney, but Defendant does not have the right to choose which counsel the court will appoint. Fed.R.Crim.P. 44(a).

**RULING**

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the recommendation to deny the Motion for Defense Witness Immunity in the sealed Report and Recommendation (Doc. 62). The Motion for Defense Witness Immunity (Doc. 50) is **DENIED** and the sealed Objections (Doc. No. 74) raised by the Defendant are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Ex Parte and Under Seal Appendix (Doc. 76) is **DENIED.**

**IT IS FURTHER ORDERED** that the Federal Public Defender's Office for the State of Arizona is **DISQUALIFIED** from representing the Defendant pursuant to Fed.R.Crim.P. 44. New CJRA counsel shall be appointed forthwith. No notes or records derived from interviews with the daughter from September 6, 2010 through March 14, 2011 shall be disclosed or tendered to new counsel.

**IT IS FURTHER ORDERED** that this action is referred back to the Magistrate Judge to continue pretrial management.

DATED this 9th day of June, 2011.

David C. Bury
United States District Judge